IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GABRIEL JOHNSRUD, ESTATE OF
LOGAN JOHNSRUD and ERIK
JOHNSRUD,

        Plaintiffs and
        Crossclaim Defendants,        OPINION AND ORDER

NORTH CENTRAL STATES REGIONAL        20-cv-108-wmc
COUNCIL OF CARPENTERS HEALTH FUND,

        Involuntary Plaintiff
        and Cross-Claimant,

v.

WOOD COUNTY and NATHAN DEAN,

        Defendants.

---

Plaintiffs Gabriel Johnsrud, a minor child of Logan Johnsrud, Estate of Logan Johnsrud, and Erik Johnsrud assert Fourth Amendment excessive force claims against defendants Wood County and one of its law enforcement officers, Deputy Sheriff Nathan Dean, arising out of Dean's intentionally shooting and killing Logan Johnsrud and accidently shooting and injuring Erik Johnsrud. Two days before the deadline for filing dispositive motions, plaintiffs filed a motion for leave to file an amended complaint, in which they seek to add factual allegations, apparently in an effort to align the allegations in the complaint with discovery. In addition, plaintiff Erik Johnsrud seeks to allege a new Fourteenth Amendment due process claim to his existing Fourth Amendment excessive force claim. (Dkt. #19.) Having reviewed defendants' opposition, as well as plaintiffs'

proposed reply brief,[1] the court will deny the motion, finding that (1) the additional factual allegations are unnecessary, and (2) plaintiffs' delay in adding a Fourth Amendment claim would unduly prejudice defendants' ability to secure expert testimony and prepare a dispositive motion.

BACKGROUND

Plaintiffs filed their original complaint on February 6, 2020, asserting Fourth Amendment claims against defendants based on Deputy Sheriff Dean's use of deadly force against Logan and Erik Johnsrud. On April 7, 2020, Magistrate Judge Crocker held a preliminary pretrial conference with the parties and entered a pretrial conference order the next day, which provides in pertinent part:

> **Amendments to the Pleadings: June 15, 2020**
> Amendments to the pleadings may be filed and served without leave of court through the date set forth above. After that, Federal Rule of Civil Procedure 15 applies, and the later a party seeks leave of the court to amend, the less likely it is that justice will require the amendment.

(Prelim. Pretrial Conf. Order (dkt. #14) 2.)

As detailed in defendants' opposition, the parties conducted discovery, with defendants producing documents and videos over the course of the summer of 2020, and some additional documents being produced in September and October. Plaintiffs also deposed a number of Wood County employees in September, October, and November 2020.

---

[1] Plaintiffs' motion to file a reply brief (dkt. #25) is GRANTED.

On January 29, 2021, defendants' expert's report was timely disclosed, opining in part that: "Deputy Dean shot toward Logan and Erik Johnsrud repeatedly 1) as a result of 'suicide by cop,' and 2) even though at this range, Deputy Dean would only hit his target 37% of the time." (Pls.' Mot. (dkt. #19) 2.)

OPINION

The parties dispute the appropriate standard for determining whether leave should be granted. Defendants maintain that plaintiffs must show good cause for their delay in seeking an amendment under Rule 16(b), because the preliminary pretrial conference order sets a deadline for filing amended complaints. (Defs.' Opp'n (dkt. #23) 3 (citing *Trustmark Ins. Co. v. Gen & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)).) For their part, plaintiffs contend that their motion is governed by Rule 15(a)(2), which states that leave to amend should be given when justice so requires.

While the court admits that there has been some confusion of the appropriate rule in the past, the preliminary pretrial conference order itself now expressly adopts Rule 15(a)(2) in determining whether leave to amend should be given for any motions to amend filed after the court's deadline for filing amended pleadings *without* leave of court. Critically, the preliminary pretrial conference does *not* contain a deadline for filing motions for leave to amend pleadings requiring a court order. As such, contrary to defendants' suggestion, plaintiffs' motion is not seeking to amend the preliminary pretrial conference amendment deadline; instead, plaintiffs are seeking leave to file an amended pleading just as their motion states, which is plainly governed by Rule 15.

Generally, this court grants motions to amend freely as justice requires, but may deny leave to amend under Federal Rule of Civil Procedure 15(a) for undue delay, bad faith, undue prejudice to the opposing party, or futility. *See Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004).

As an initial point, amending the operative complaint here to add more definite factual allegations is unnecessary, since defendants did not seek dismissal of the complaint based on a failure to plead as required under Rule 8 or a failure to state a claim under Rule 12(b)(6). Of course, plaintiffs may rely on additional facts developed through discovery in seeking summary judgment or opposing defendants' motion to the same effect, but plaintiffs need not amend their pleading to do so. *See, e.g.*, *EastStar Sols., Ltd. v. Owens*, No. 16-C-1551, 2018 WL 2012915, at *4 (E.D. Wis. Apr. 28, 2018) ("To the extent that the amended complaint proposes to add factual allegations that are not contained in the existing complaint, or to add or delete legal theories, it is unnecessary."); *Seipler v. Cundiff*, No. 08 C 50257, 2011 WL 2960745, at *2 (N.D. Ill. July 19, 2011) (amendment is unnecessary if plaintiff seeks to simply add "factual allegations in support of [p]laintiff's existing claims").

More substantially, plaintiffs seek to add a Fourth Amendment due process claim as to plaintiff Erik Johnsrud based on Deputy Dean's decision to shoot at Logan Johnsrud while Erik was in very close proximity. Not only can this court find no justification for plaintiffs' undue delay in bringing this motion to add a new legal claim, but defendants would be unduly prejudiced if the court permitted the amendment. As to the timeliness of their motion, plaintiffs rest their entire explanation on the statement that "Deputy Dean

4

would only hit his target 37% of the time" in *defendants'* expert's January 2021 report. However, the court is wholly unconvinced that an opinion of defendants' expert justify plaintiff now asserting an entirely new theory of liability just days before the summary judgment deadline in this case. If anything, the availability of this alternative claim should have been known to plaintiffs based on the facts before them at the time they filed their amended complaint, or at least by the time defendants served the bulk of their discovery last summer.

Moreover, plaintiffs' long delay would prejudice defendants. Not only have plaintiffs filed this motion two days before the original dispositive motion deadline, but both sides' expert disclosure deadlines have passed. While the court extended the summary judgment deadline by one month (all that is permitted under the current trial schedule) to accommodate briefing on the present motion for leave to amend, defendants would still be prejudiced by having to address a new legal claim -- even if based on the same facts as supporting the Fourteenth Amendment claim -- a couple of weeks before the dispositive motion deadline.[2]

Finally, while not raised by defendants, the court also concludes that the proposed amended complaint does not state a claim under the Fourth Amendment, also making the amendment futile. As the United States Supreme Court explained in *County of Sacramento v. Lewis*, 523 U.S. 833 (1998), to allege a Fourth Amendment due process claim based on

---

[2] Plaintiffs maintain that they were willing to accommodate further changes to the schedule, but such a "concession" would likely create too much compression for the court to maintain the current pretrial schedule and trial date, changes the court is reluctant to make, at least when plaintiffs are unable to articulate any good cause under Rule 16 for such a last-minute change.

"unforeseen circumstances [that] demand an officer's instant judgment," which is certainly the case here, a plaintiff must demonstrate a "purpose to cause harm." *Id.* at 853–54. At most, plaintiffs' proposed amended complaint alleges that defendant Dean acted "recklessly," but that is not the appropriate standard. *See id.* at 853 (even "precipitate recklessness fails to inch close enough to harmful purpose" to "shock the conscious"). Moreover, unlike in *County of Sacramento*, plaintiff Erik Johnsrud was already seized before Deputy Dean discharged his firearm -- or at least he has adequately alleged that he was seized -- and, therefore, his claims fairly fit within the Fourth Amendment seizure framework as already alleged. *Id*. at 844.

For all these reasons, the court will deny plaintiffs' motion for leave to amend their complaint.

ORDER

IT IS ORDERED that:

1) Plaintiffs' motion to amend complaint (dkt. #19) is DENIED.

2) Plaintiffs' motion to file a reply brief (dkt. #25) is GRANTED.

Entered this 24th day of February, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge